# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-4317 | **DATE** | 2/17/2012 |
| **CASE TITLE** | Peoria Tazewell Pathology Group, S.C. v. Messmore | | |

**DOCKET ENTRY TEXT**

The Court's final judgment [42] is vacated as it was entered due to clerical error. Thus, Plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) [43] is denied as moot. Plaintiffs' Amended Complaint [54] is entered as filed; Defendants have twenty-one days to file a response or otherwise plead. Defendants' Motion to Reconsider the Order Entered on October 27, 2011 [58] is denied. See statement below. Status hearing set for 2/29/12 is re-set to 3/29/12 at 9:30 a.m.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiffs filed suit on June 24, 2011, raising constitutional challenges to a recent amendment to the Illinois Insurance Code, Public Act 096-1523 (the "Act"). The Amendment to the Insurance Code addressed a procedure known as "balance billing" of insured patients for services provided by medical-service providers outside the patients' insurance networks at in-network facilities. Plaintiffs provide professional pathology services in Illinois and named the State of Illinois, the Illinois Department of Insurance, Jack Messmore (Acting Director of Insurance), and Illinois Attorney General Lisa Madigan as Defendants in their suit. Plaintiffs sought to have the Court declare the Act unconstitutional and grant injunctive relief, preventing the Defendants from implementing and enforcing the Act. The Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on July 26, 2011, and this Motion was granted on September 23, 2011; the docket reflected that final judgment was entered, and the case was deemed closed.

    On October 21, 2011, Plaintiffs filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, for leave to amend their complaint. Plaintiffs presented this Motion to the Court on October 27, 2011, and the Court stated in a minute order on this date: "Plaintiff's [sic] motion to alter the judgment [43] is denied, however, an amended complaint to be filed 11/10/11. Status hearing set for 11/17/11 at 9:30 a.m. for scheduling. The Court vacates the judgment entered on 9/27/11, entry #42. Case reopened." Defendants filed a motion to reconsider this order, arguing that because the Court denied the Rule 59(e) motion to alter or amend the judgment of the case, the case remains close, and Plaintiffs should not be permitted to file an amended complaint. Defendants further seek clarification on the record because the Plaintiffs also filed a notice of appeal; the status of this appeal is unclear as the Rule 59(e) motion was denied, but the case was "reopened" by this Court.

    This confusion was created by a clerical error. Final judgment entered September 23, 2011, was never ordered in this case, and final judgment was erroneously entered. The final judgment entered on the docket [Dkt. No. 42] is therefore vacated. As such, Plaintiffs' Motion to Alter or Amend Judgment [Dkt. No.

**STATEMENT**

43] is denied as moot. Plaintiffs' motion, in the alternative, to amend their complaint [Dkt. No. 43] is granted, and Plaintiffs' Amended Complaint [Dkt. No. 54] is filed *instanter*. Defendants' Motion for Reconsideration is denied. Defendants are granted twenty-one days from the date of this Order to file a response or otherwise plead to Plaintiffs' Amended Complaint.